UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY A. POOL,<br>        Plaintiff(s),<br>v.<br>MACY'S RETAIL HOLDINGS LLC,<br>        Defendant(s). | Case No. 2:22-cv-00050-JCM-NJK<br>**ORDER**<br>[Docket Nos. 8, 9] |

Pending before the Court is a joint proposed discovery plan. Docket No. 9. The Court held a scheduling conference on March 17, 2022. Defendant Macy's has not filed an answer, a motion, or any other formal response to the complaint. Defendant Macy's represents that it has not been served, *e.g.*, Docket No. 1 at 3, and Plaintiff has provided no information to the contrary. Given the circumstances of this case, the Court **DENIES** the discovery plan without prejudice as premature. In light of that ruling, the Court also **DENIES** the motion to compel (Docket No. 8) without prejudice.

The Court will also address a few housekeeping matters. First, the Court appreciates defense counsel's representation that he is pursuing discovery in an effort to comply with the local rules and his obligations to proceed diligently. The Court is mindful that the local rules require the filing of a discovery plan within 44 days of a defendant's first appearance. Local Rule 26-1(a). Nonetheless, the rules are also subject to modification if the circumstances of a particular case so warrant. *See* Local Rule IA 1-4; *see also* Fed. R. Civ. P. 1. As with other deadlines in the local rules, a party may seek relief from the default deadline by filing a motion or stipulation. *See, e.g.*, Local Rule IA 6-1(a).[1]

---

[1] Such a request is, of course, subject to judicial approval once it has reviewed the request that was filed.

1

Second, the Court has still not received an explanation from Plaintiff as to the status of service on Defendant Macy's. No later than March 24, 2022, Plaintiff must file (1) a status report as to service on Defendant Macy's, (2) a proof of service pursuant to Rule 4(l) of the Federal Rules of Civil Procedure, or (3) a waiver of service pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure.[2]

Third, Plaintiff's counsel was unprepared for the scheduling conference despite her general obligation to be prepared, *see, e.g.*, Fed. R. Civ. P. 16(f)(1)(B), and despite the issuance of an order identifying specific topics on which counsel were ordered to be prepared to discuss, Docket No. 10. Moreover, this type of haphazard lawyering does not appear to be an isolated occurrence. *See, e.g.*, Docket No. 18 at 2 (representing that counsel was engaging in discovery while being "unaware" of the case posture). Plaintiff's counsel must do better moving forward.

IT IS SO ORDERED.

Dated: March 17, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Nothing herein prevents Plaintiff from seeking other relief that may be necessary or appropriate with respect to service on Defendant Macy's. Nothing herein prevents Defendant Macy's from seeking appropriate relief based on its representation that service has not been effectuated.

2